

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2004

# Peter Bay Homeowners v. Stillman

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1885

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Peter Bay Homeowners v. Stillman" (2004). *2004 Decisions.* Paper 49.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/49

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1885

———

PETER BAY HOMEOWNERS ASSOCIATION, INC.

Appellant

v.

ANDREW R. STILLMAN, JOY H. STILLMAN, and SHELIA
J. ROEBUCK


ANTONIO GODINEZ; BONNIE GODINEZ; MICHAEL
BURGAMY; ETHLYN HALL
(Intervening Counterclaim Plaintiffs in D.C.)


v.


JAMES HENRY; CAROL HENRY; L.D. KIRK; SCOTT F.
MEESE; DONNA G. MEESE; ARIE LIEBESKIND; DOREEN
LIEBESKIND; JIM R. HAYES; ZAQUIN S. HAYES;
JEFFREY PRICE; STEVEN PAUL; JANN PAUL; ST JOHN
LAND INVESTMENT L.P.; ANDREWS ST. JOHN TRUST
(Intervening Counterclaim Defendants in D.C.)

———

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 97-cv-00036)
District Judge: Honorable Stanley S. Brotman

———

Submitted Under Third Circuit L.A.R. 34.1(a)
December 14, 2004

Before: SLOVITER, FUENTES, and GREENBERG, <u>Circuit Judges</u>.

(Filed: December 21, 2004)

OPINION OF THE COURT

———

FUENTES, <u>Circuit Judge</u>.

The Peter Bay Homeowner's Association appeals the District Court's dismissal of its suit for a permanent injunction preventing certain property owners from interfering with its members' use of an easement allowing them access to a beach area. The District Court found that it lacked subject matter jurisdiction over the suit, as the parties are not diverse, there is no federal question, and there is no basis for the exercise of ancillary jurisdiction. Appellants contend that ancillary jurisdiction exists because the easement was created by the District Court in 1975 and this Court, in a previous suit between the parties, asserted ancillary jurisdiction over the issue of the scope of the easement because it involved interpretation of the District Court's 1975 decree.

We conclude that this action is factually distinguishable from the previous suit before this Court in that the question presented here does not relate directly to the 1975 District Court

decree or this Court's previous decision, and therefore does not require interpretation of that decree or effectuation of our decision. Accordingly, we affirm the District Court's dismissal for want of jurisdiction.

## I.

As we write solely for the parties, our recitation of the facts will be limited to those necessary to a proper understanding of our determination. In 1970, Lillian Harthman Cheng filed suit in the District Court of the Virgin Islands to partition a large parcel of property in Peter Bay, St. John to which she was one of six heirs. Accordingly, Judge Young filed an opinion and decree of partition in 1975. See Harthman v. Harthman, 12 V.I. 142 (1975). The partitioning decree provided for a 50-foot perpetual easement (the "Easement") to allow the owners and future owners to use and enjoy the beach area. Id. at 158.

By 1988, St. John Land Investment L.P. (the "Partnership") had purchased much of the aforementioned land and subdivided it for resale. The Partnership, as part of its effort to create a unified plan for its subdivision, filed a Declaration of Protective Covenants for Peter Bay, St. John, U.S. Virgin Islands (the "Covenants").

Joint Appendix ("J.A.") 466-500.[1] The Covenants include, among the definitions of terms, a definition of "Common Areas" that specifically includes the Easement referred to in the 1975 decree. Id. at 467. Additionally, Covenant 18 states that "[n]o planting or gardening shall be done upon the Common Areas [and] no fences, hedges, or walls shall be erected thereon." Id. at 476.

In 1997, the Peter Bay Homeowner's Association (the "Association"), an organization existing for the collective benefit of Peter Bay property owners, brought suit to compel certain property owners to remit dues and to clarify certain property restrictions stemming from Harthman and the Covenants. Among the issues was whether the Easement extended 50 feet inland or only up to the vegetation berm (which, for the most part, is fewer than 50 feet inland). The case eventually found itself before this Court, and we issued the final opinion with respect to the geographical scope of the Easement. However, as discussed by the District Court in the matter, we were faced with jurisdictional issues that had to be resolved before consideration of the merits of the dispute. Specifically, the District Court in 1975 had

---

[1] Although the Covenants have since been amended, none of the amendments are relevant to this case.

4

jurisdiction over the matter under the broad jurisdictional structure existing at that time, which allowed the court to hear both federal and local matters. However, that jurisdictional landscape was fundamentally altered in 1990, when the Virgin Islands legislature acted to abrogate the local jurisdiction of the District Court of the Virgin Islands, pursuant to the 1984 amendments to the Revised Organic Act of 1954. Thus, we noted that the action "lack[ed] the traditional indices of subject matter jurisdiction," but found that "the District Court had jurisdiction to interpret the meaning and scope of the various obligations imposed by the previous 1975 District Court upon the Peter Bay properties." Peter Bay Homeowners Ass'n v. Stillman, 294 F.3d 524, 533 (3d Cir. 2002) ("Stillman"). This ancillary jurisdiction was predicated on the power of a court to effectuate its own decrees. See id. (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).

After finding jurisdiction, we found that, although Harthman dictated that the Easement follow the vegetation berm, the Covenants unequivocally described the Easement as following the 50-foot line. Id. at 536, 538. The larger scope dictated by the Covenants controlled, as the Covenants were created for the

5

"collective benefit of Peter Bay owners" and bound the parties in the suit. Id. at 538-40. It is important to this case that we noted in Stillman that "the Protective Covenants make no mention of the 1975 opinion [in Harthman]." Id. at 539.

The current dispute was instituted in November 2003, and seeks a permanent injunction mandating the removal of a short stone and coral wall, about one foot high, allegedly built by the Godinezes (who were parties in the previous suit) across a portion of the Easement that falls on their property. The Association asserts that the existence of the wall is in direct contravention of Covenant 18, quoted above. The Godinezes do not dispute this contention, and instead argue that Covenant 18 must be construed in light of the public policy in favor of environmental protection and accordingly seek an injunction declaring the berm area a "green zone," which must not be treaded upon.

The District Court found that it had no jurisdiction over the matter, and dismissed it without prejudice. The Association appeals, arguing that the District Court has ancillary jurisdiction over this matter for precisely the same reasons that the Stillman panel of this Court cited.

6

## II.

As it is beyond dispute that the District Court would not have jurisdiction to consider any part of this matter if originally filed after 1990, the Association relies on ancillary jurisdiction, and more specifically, the species of that jurisdiction that derives from courts' inherent power to interpret and effectuate their own rulings.

Ancillary jurisdiction may be exercised "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Peacock v. Thomas, 516 U.S. 349, 354 (1996) (quotation omitted). The latter justification is at issue here, in terms of whether an assertion of jurisdiction over this case is necessary to interpret or effectuate the 1975 District Court decree or this Court's Stillman decision. As discussed by the District Court, Peacock and Kokkonen contemplate a very narrow concept of ancillary jurisdiction. In those cases, the Supreme Court focused on the legal and factual similarities of the cases involved, declining in both instances to find ancillary jurisdiction because of the differences. In Peacock, the Court found that the existence of

7

ancillary jurisdiction was defeated by the novelty of the legal theory asserted, as it could not have been asserted in the previous case to which that case allegedly was ancillary. 516 U.S. at 359. In Kokkonen, the Court did not find jurisdiction because of the factual differences between the original suit and the allegedly ancillary one. See Kokkonen, 511 U.S. at 380. Importantly, in Peacock, the Court has stated that "[a]ncillary enforcement jurisdiction is, at its core, a creature of necessity" and, accordingly, "[w]hen a party has obtained a valid federal judgment, only extraordinary circumstances, if any, can justify ancillary jurisdiction over a subsequent suit." 516 U.S. at 359.

The Association argues that our analysis of jurisdiction in Stillman controls this case. Stillman involved the jurisdictional question whether a dispute over the geographic scope of the Easement was ancillary to the 1975 District Court decree. The 1975 decree set forth certain geographical boundaries for the Easement, but the Covenants provided for larger bounds. The District Court was faced with conflicting descriptions of its boundaries and had to decide how to interpret and effectuate the 1975 decree in light of the Covenants. This Court decided that the

8

larger contractual boundaries set forth in the Covenants controlled.

The question presented here, however, is whether the Godinezes' alleged actions with respect to the Easement (having nothing to do with its boundaries) are explicitly barred by the Covenants. To be sure, both the question here and that in <u>Stillman</u> are related to the scope of the Easement. However, the present case is devoid of a conflict between the 1975 decree and the Covenants; the language relied upon by the Association exists solely in the Covenants, with the 1975 decree offering but silence on the matter.[2]

Thus, there are important differences between the <u>Stillman</u> decision's relationship to the 1975 decree and this suit's connection

---

[2] The Association seeks to invoke the law of the case doctrine. However, after we issued our opinion in <u>Stillman</u>, we entered a judgment in lieu of a mandate and thus completely terminated that action. The law of the case doctrine holds that, when an issue of law or fact has been determined by a valid and final judgment, that issue of law or fact cannot again be litigated in the "same litigation." <u>Hamilton v. Leavy</u>, 322 F.3d 776, 786-87 (3d Cir. 2003). As noted by the District Court, this Court's 2002 judgment in lieu of a mandate resulted in the 1997 action being "fully adjudicated and [rendered] the case closed." J.A. at 7. Thus, although the Association (erroneously) decided to file the instant dispute under the docket number previously assigned to the <u>Stillman</u> action, this fact does not alter the correctness of the District Court's finding that the <u>Stillman</u> action is now and forever closed. Thus, the appropriate and analogous doctrines potentially applicable to this case are res judicata and collateral estoppel. Those doctrines, although conceptually appropriate, do not apply because of the lack of identity between the issue here and that in <u>Stillman</u>.

to the 1975 decree. Unlike in Stillman, here we are not being asked to interpret or apply the explicit terms of the 1975 decree. Instead, we are being asked to apply the terms of the Covenants. The history and reasoning of the 1975 suit were directly relevant to Stillman; here, however, a court simply needs to apply the terms of the Covenants. Given the lack of any conflict, the 1975 decree is not implicated, and it is therefore not necessary to the interpretation or effectuation of that decree for the District Court to assert jurisdiction over this case. For the same reasons, this suit is not properly ancillary to the Stillman decision. In addition, the facts underlying this case are different from those in Stillman, in that the stone and coral wall did not exist at that time and a cause of action to remove the wall clearly did not exist either. Accordingly, the District Court was correct in finding that it did not have any basis for asserting subject matter jurisdiction over this case.[3]

---

[3] It may appear wiser to affirm the District Court on the basis that it relied on its discretion in refusing to exercise ancillary jurisdiction, thereby avoiding the issue of whether ancillary jurisdiction exists. See J.A. 17 (concluding that "the Court can find no justification for the exercise of ancillary jurisdiction); see also In re Austrian & German Bank Holocaust Litig., 317 F.3d 91, 106 & n.2 (2d Cir. 2003) (Parker, J., concurring) (referring to the discretionary nature of ancillary jurisdiction and quoting the language in Chambers v. NASCO, 501 U.S. 32, 44 (1991) that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion"). However, the District

**III.**

For the reasons discussed above, we agree with the District Court that the suit presently before us, seeking to apply the language of the Covenants regarding use of the Easement, is factually independent from the 1975 suit describing the geographical boundaries of the easement and the <u>Stillman</u> decision, which clarified those boundaries. Accordingly, we will affirm the Court's dismissal for lack of jurisdiction

---

Court's opinion is replete with references to its lack of jurisdiction, <u>see, e.g.</u>, J.A. 17 (stating that "[t]his Court does not have jurisdiction"), and we do not find that conclusion to be in error.

11